## Bee Automobile Company v. Rinek Cordage Company.

*Practice Act, 1915—Affidavit of defence—Counter-claim.*

Where a defendant in its affidavit of defence sets up a set-off or counter-claim against the plaintiff, it should comply strictly with the provisions of section 15 of the Practice Act of 1915, including the endorsement of notice to plaintiff's attorney.

Rule on defendant to show cause why the affidavit of defence should not be stricken from the record. C. P. Northampton Co., Nov. T., 1925, No. 40.

*Smith & Paff,* for plaintiff; *Herbert F. Laub,* for defendant.

STEWART, P. J., Nov. 9, 1925.—This is a rule to show cause why the affidavit of defence should not be stricken from the record. The petition for the rule alleges that the defendant, in its affidavit of defence, has pleaded evidence, that the affidavit contains inferences of fact and law and superfluous matter, all of which is contrary to the Practice Act of May 14, 1915, P. L. 483. A careful examination of the affidavit of defence in connection with the authorities cited by the learned counsel for the plaintiff has not convinced us that the affidavit should be stricken off for the reasons alleged. It, perhaps, may be fuller than is absolutely necessary as an answer to plaintiff's claim, but it must be remembered that under the paragraphs following the seventh the pleader is endeavoring to set up what he has termed "an affirmative defence." The pleader's thought was not only to allege that the plaintiff's claim had been paid in full, but that the defendant was entitled to judgment. The amount of plaintiff's claim was $346.95. Both parties agreed that the defendant, prior to the suit, had paid plaintiff $177. Plaintiff claimed the balance, while defendant claimed that the sum was a stipulated sum to be paid for all

of the repairs which were guaranteed, and that it is entitled to judgment for $115.49, which is made up by the amount of repairs which the defendant was compelled to expend on account of plaintiff's defective workmanship, and by the sum of $75 which it was compelled to spend in hiring another truck while its truck was being repaired. It will thus be seen that plaintiff is endeavoring to set up a counter-claim. While on the trial defendant might, under the pleadings, defeat plaintiff's claim, it could not get judgment against the plaintiff. We examined this matter in Keister et al. v. Shonberger, 18 Northamp. Co. Repr. 230, 3 D. & C. 664, where we hesitated about granting a rule similar to the one in suit, but on the examination of the 21st section of the Practice Act of 1915 did grant it, and then subsequently, upon argument of the rule, filed another opinion, see same case, same volume, page 282. In this latter case we referred to Pangborn Corp. v. Blatt, trading as Prizer-Painter Stove Co., 2 D. & C. 43, which we have again examined, and it is very much like the present case on its facts. In that case the court refused to allow an amendment to be filed during the trial because the defendant had knowledge of the facts when the original affidavit of defence was filed. In the present case it would be wrong to refuse an opportunity to the defendant to recast his statement when his attention has been called to it by plaintiff. In conclusion, we venture to express the hope that the new affidavit of defence will be more concise than the present affidavit, so as to avoid further objection of this character. An amendment to the original statement will not suffice. We, therefore, make the following order:

And now, Nov. 9, 1925, the defendant is permitted to withdraw its affidavit of defence and to file a new one within fifteen days from date. In default of filing same, the prothonotary will mark this rule "absolute."

From Henry D. Maxwell, Easton, Pa.